IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,                   No. CIV S-08-2607 MCE CKD P

     vs.

MCGUIRE, et al.,

     Defendant.                ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On February 9, 2012, the magistrate judge issued findings and recommendations concluding in part that, as to two of the alleged violations of plaintiff's civil rights in this case, the defendants had not carried their burden of showing that plaintiff had failed to exhaust his administrative remedies. The basis of that conclusion was the defendants' failure to provide copies of any of the 602 appeals forms that plaintiff had filed during the fifteen-day limitation periods that immediately followed each incident.[1]

---

[1] The incidents were defendant Bainbridge's alleged use of excessive force on October 16, 2007, and defendants Follosoco's and Bainbridge's use of excessive force on November 6, 2007. See Findings and Recommendations at 7 (Docket No. 71). However, the magistrate judge recommended that defendants' motion for summary judgment be granted as to the November 6 incident.

1

1        Defendants have filed objections to the findings and recommendations, submitting
2   for the first time copies of the 602 appeals forms that were absent from their motion to dismiss.
3   The documents are authenticated by an affidavit of a custodian of records with the California
4   Department of Corrections and Rehabilitation.  The affidavit was signed on January 6, 2010, over
5   a year-and-a-half before defendants filed the motion to dismiss.  Defendants offer no explanation
6   why these documents were not provided with the motion to dismiss, but their counsel is charged
7   with knowledge of the Ninth Circuit's 2003 decision in which it held that, in order for a
8   correctional defendant to carry the burden of proving a prisoner-plaintiff's non-exhaustion, the
9   court must see "evidence... establishing that the 'Appeal Record' is what defendants say it is."
10  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

11       The 602 appeals appear to support the defendants' position that plaintiff failed to
12  exhaust his claims arising from the October 16 and November 6 incidents.  However, this court
13  has rejected similar attempts by a defendant to "catch up" with its own exhaustion argument by
14  submitting easily obtainable 602 appeals in objections to adverse findings and recommendations.
15  See Galik v. Nangalama, Civil Action No. 2:09-cv-0152 WBS KJN P, Docket No. 61.  In that
16  case, the district judge pointed out the imprudence in allowing a party to "present a partial record
17  to the Magistrate Judge, wait to see if the recommended decision is against them, and then
18  present whatever evidence they need to overcome the defects pointed out by the Findings and
19  Recommendations."  Id. at 5.  Moreover, if the court accepted these grievances into the record as
20  a possible basis for dismissal, the court would also have to allow plaintiff an opportunity to
21  respond to this "new" evidence.  In other words, the court would have to revisit an argument on
22  which it has already spent considerable time and resources and that, had the documents been
23  timely submitted and the motion granted in the first instance, would have obviated the need to
24  spend even more time and resources in analyzing the motion for summary judgment in the
25  original findings and recommendations.
26  ////

1  The defendants' dilatory submission of these documents has, therefore, presented the court with two questions that it could not have anticipated when it issued the findings and recommendations on February 9. First, the court must decide what recommendation to make in light of defendants' late-breaking presentation of the relevant exhaustion documents. Second, the court must consider whether to impose sanctions on defense counsel for this waste of judicial resources. See Dean v. Thompson, 1993 WL 299072 at *7 (noting that "the waste of judicial resources is a basis for the imposition of a sanction payable to the court as a 'fine.' Some courts have noted that a single hour spent by a federal judge on a case costs the government $600.00")[2]; see also Fed. R. Civ. P. 11(b)(1). Therefore the court will vacate the findings and recommendations of February 9, 2012, and order counsel for the defendants, Matthew Ross Wilson, to show cause within seven days of this order why he should not be sanctioned for causing unnecessary delay and waste of judicial resources. Fed. R. Civ. P. 11(b)(1), (c)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered February 9, 2012, are vacated.

2. Counsel for defendants, Matthew Ross Wilson, shall, within seven days of the date of this order, show cause why he should not be sanctioned for unnecessary delay and waste of judicial resources.

3. The hearing on whether to impose sanctions is set for April 4, 2012, at 10:00 a.m., in Courtroom 26, the Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, California.

Dated: March 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 jone2607.ord

---

[2] Presumably the cost of a federal judge's time has increased well above the rate of $600.00 per hour in 1993.