IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES

        Plaintiff,                      No. CIV S-08-2607 MCE CKD P

    vs.

McGUIRE, et al.

        Defendants.             <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On February 9, 2012, the court entered findings and recommendations on defendants' motion to dismiss. The court found that the affidavit of D. Clark, an appeals coordinator at High Desert State Prison, in which Clark concluded that none of plaintiff's appeals administratively exhausted any of his claims, was an insufficient basis for dismissal without independent evidence by which the court could scrutinize Clark's conclusion. Although the court recommended dismissal of some claims on other grounds, the court made clear that Clark's affidavit, standing alone, could not be the basis of dismissal for non-exhaustion.

        On March 2, 2012, the court vacated its findings and recommendations after defendants attached documents from plaintiff's administrative record to their objections to the findings and recommendations, claiming the documents proved plaintiff's failure to exhaust. It

1

1   was the documents' first appearance in the case even though, the court noted, they had been in
2   defendants' possession since January 2010.  The court stated that "[d]efendants offer no
3   explanation why these documents were not provided with the motion to dismiss[.]"  Findings and
4   Recommendations at 2 (Docket No. 73).  The court cited one district judge's rejection, in a
5   previous case, of exhaustion evidence presented for the first time in objections to findings and
6   recommendations.  Id. at 2.  The court further noted that, since 2003, the Ninth Circuit has
7   required a defendant who argues that a prisoner-plaintiff has failed to exhaust administrative
8   remedies to present "evidence... establishing that the 'Appeal Record' is what defendants say it
9   is."  Id. (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)).  The court found that
10  defendants' failure to follow this well-established standard despite having the relevant
11  documents in hand had resulted in a significant delay and waste of judicial resources such that
12  defendants' counsel should show cause why he should not be sanctioned.  Id. at 3

13          Defendants' counsel, Matthew Ross Wilson, has timely responded to the show
14  cause order.  He represents that he withheld the appeal documents because he "believ[ed] Clark's
15  declaration was adequate and that the court would not want to review the plaintiff's un-related
16  inmate appeals from the relevant time period."  Response at 3.  The court accepts his explanation
17  but reiterates that "un-related inmate appeals from the relevant time period" are exactly what the
18  Ninth Circuit requires to support an affidavit, such as Clark's, declaring that none of an inmate's
19  appeal records shows he exhausted his claims before coming to court.  Put another way,
20  reviewing a comprehensive administrative appeals record is not what this court "wants," as Mr.
21  Ross puts it in his response.  Id.  It is what the Ninth Circuit quite clearly requires a defendant to
22  submit, in the first instance, in order to show he is entitled to dismissal for failure to exhaust.  It
23  is the defendant's burden to prove non-exhaustion, not the court's.

24          The court wants to resolve matters efficiently, according to standards articulated
25  by the Ninth Circuit and the Supreme Court.  Defendants' counsel's presumption thwarted that
26  goal, but the evidence suggests it was inadvertent, not intentional.  The court finds sanctions are

not warranted. The order to show cause will be discharged, and the hearing set on the order to show cause will be vacated..

   Accordingly, IT IS HEREBY ORDERED that:

   1. The order to show cause (Docket No. 73) is discharged. The court finds the imposition of sanctions is unwarranted.

   2. The hearing on the order to show cause, set for April 4, 2012, is vacated.

Dated: March 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
jone2607.ord