IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                    No.  2:08-cv-2607 MCE CKD

    vs.

J. MCGUIRE, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner, proceeds pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for order to subpoena eight inmate witnesses for trial. (Dkt. No. 85.)  Defendant opposes the motion, stating that plaintiff should not be allowed to call these inmate witnesses because he failed to disclose their identity in response to interrogatories propounded on plaintiff by defendant. (Dkt. No. 86.)

        A motion for subpoena is not the proper method for plaintiff to attempt to secure the attendance of inmate witnesses at trial.  Rather, the proper procedure for a pro se incarcerated plaintiff is to seek a writ of habeas corpus ad testificandum concurrently with the filing of the plaintiff's pre-trial statement.  As plaintiff was notified in the January 11, 2011 scheduling order with regard to securing the attendance of incarcerated witnesses at trial:

/////

1

It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees to voluntarily attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend; <u>and</u>
2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the trial. The motion must:

1. State the name, CDC Identification number, and address of each such witness; and
2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party intending to introduce the testimony can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or
2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party intending to introduce the testimony can swear by affidavit that the prospective witness has

2

        actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

        Or

    2.    The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred. The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

    II.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

(Dkt. No. 53 at 2-4.)

        In determining whether to issue a writ of habeas corpus ad testificandum to bring a state prisoner witness into federal court, a district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. See <u>Wiggins v. Alameda County</u>, 717 F.2d 466,

468 at n.1 (9th Cir. 1995), cert. denied, 465 U.S. 1070 (1984) (citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)).

      Plaintiff has failed to comply with the procedures required for seeking writs of habeas corpus ad testificandum for his desired inmate witnesses. The court is unable to exercise discretion based on consideration of the factors discussed in Wiggins. Accordingly, the motion to subpoena witnesses will be denied.

      In accordance with the above, IT IS HEREBY ORDERED THAT plaintiff's motion to subpoena witnesses (Dkt. No. 85) is DENIED.

Dated: May 6, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
jone.2607.subpoena